IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M. MARINKOVIC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:14-cv-0049 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| DAVID K. BATTAGLIA, *et al*, | ) |
| | ) |
| Defendants. | ) |

## OPINION

**Mark R. Hornak, United States District Judge**

Presently pending before the Court are the following motions filed by the Plaintiff: (1) First Motion to Alter Judgment Dismissing and Denying Parties (ECF No. 97); First Motion to Sever Action (ECF No. 98); First Motion for Recusal (ECF No. 99); First Motion in Limine to Admit Tape Recordings (ECF No. 100); First Motion to Modify for Findings (ECF No. 104); and Motion for Leave to File Discovery Requests Directly into Court (ECF No. 108). Defendants have responded to several of the motions. (ECF Nos. 101, 102, 105, 109). Also pending before the Court is Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (ECF No. 66). For the reasons that follow, each motion is denied.

### I. Background

In his Amended Complaint (ECF No. 31), Plaintiff alleged that he made several inquiries to the Armstrong County Treasurer's Office from 2011 to 2013 about the process for buying residential property owned by the County through means other than public auctions. Plaintiff ultimately attempted to utilize the County's direct private bid process to obtain several such properties. He contends that he was initially told by Tax Claim Bureau staff that there were no competing bids on any of those properties, but that each submission was ultimately trumped

1

by a last-minute bidder. Plaintiff maintains that this occurred because the County was informing other government officials of his bids in an attempt to prevent him from acquiring the properties. When Plaintiff wrote a letter to the County Commissioners to complain about this alleged misdealing, the County Commissioners ended the private-sale process entirely.

Based on this alleged wrongdoing, Plaintiff initiated the instant action against Armstrong County and three Armstrong County Commissioners (in both their official and individual capacities). On July 8, 2016, this Court dismissed Plaintiff's claims against the County (including those against the County Commissioners in their official capacities) because Plaintiff had failed to allege that any of the misconduct occurred pursuant to an official policy or custom. (ECF No. 47).

On March 27, 2017, Plaintiff filed a motion to amend his complaint (for the second time) to add the Armstrong County Tax Collector, Jeanne M. Englert, as a defendant. (ECF No. 73). On April 24, 2017, this Court noted during a telephonic hearing that the two-year statute of limitations appeared to have run on Plaintiff's claims against Englert and that he had failed to demonstrate that he could meet the "relation back" requirements of Fed. R. Civ. Pro. 15(c). The Court observed that Plaintiff had clearly been aware of the existence of the Tax Collector when he filed his original complaint but that he had failed to name her as a defendant, indicating that he did not wish to bring suit against that individual. The Court further noted that Plaintiff's request to add Englert as a defendant in her official capacity amounted to an end-run attempt to haul Armstrong County back into the litigation. On April 26, 2017, the Court issued a Memorandum Order denying Plaintiff's Second Motion to Amend on this basis. (ECF No. 94).

## II. Analysis

### A. Motion to Alter Judgment

In his Motion to Alter Judgment, Plaintiff asks this Court to reconsider the dismissal of Armstrong County from this action and the denial of his request to add the Armstrong County Tax Collector as an additional defendant. Plaintiff contends that this Court erred by: (1) failing to provide sufficient legal reasoning in support of those decisions; (2) failing to address his claims against Englert in her individual capacity; (3) ruling in favor of Defendants on a "surprise" issue that they had not raised in their briefs; (4) ruling in a manner that conflicted with the Court's pretrial order; and (5) ignoring the legal authority cited by Plaintiff in support of his Motion to Amend.

Although characterized as a request pursuant to Fed. R. Civ. Pro. 54(b), Plaintiff's request for reconsideration is properly governed by Rule 59(e). Rule 59(e) requires a party seeking reconsideration of a final order to show an intervening change in controlling law, the availability of new evidence not previously available, or "the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994) (quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990).

None of the grounds raised by Plaintiff support his request for reconsideration. First, Plaintiff appears to suggest that the Court failed to provide adequate grounds for its reasoning when it dismissed the County from this action and denied Plaintiff's request to add Englert as a Defendant. With respect to the former, the Court articulated that the County was entitled to dismissal because Plaintiff had not articulated any official policy or custom underlying the alleged violation, as required for municipal liability. (See ECF No. 47 at 7-8). As to Englert, the Court explained, both at the oral hearing and in the subsequent Memorandum Order, that Plaintiff's claims were time-barred and that he had failed to satisfy the "relation back" requirements of Fed. R. Civ. P. 15(c). (See ECF No. 94 at 1-2). To the extent that Plaintiff simply disagrees with these conclusions, a motion for reconsideration is not a vehicle for a party to reargue points of disagreement with the Court as to issues that have already been ruled upon. Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa. 1994); Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (explaining that a motion for reconsideration may not be used to reargue issues already argued or relitigate points of disagreement between the litigant and the court).

Plaintiff next contends that the Court failed to address his request to add Englert as a defendant in her individual capacity. Contrary to Plaintiff's contention, this is precisely the issue that the Court addressed in the Memorandum Order issued on April 26, 2017. As explained in that Opinion, Plaintiff's claims against Englert are time-barred. (ECF No. 94 at 1-2).

Plaintiff accuses the Court of improperly raising a "surprise" issue in order to deny his request to amend his complaint. According to Plaintiff:

> [T]he Court raised a different issue that the defendants did not raise, and then ruled in their favor on it. The Court said plaintiff could have named ENGLERT in the original complaint by title alone, and because plaintiff did not, he is too late now.

4

> The defendants did not argue that issue. The judge did it himself, to help them.

(ECF No. 97-1 at 5-6).

Plaintiff is simply incorrect. Defendants raised this exact issue in their response to his Motion to Amend, stating that "Rule 17(d) of the Federal Rules of Civil Procedure provides that Plaintiff could have named Ms. Englert in his original Complaint by her title as Director of the Tax Claim Bureau of Armstrong County." (ECF No. 83 at 9). At the oral hearing on April 24, 2017, the Court directed Plaintiff to this precise portion of Defendant's brief:

> The Court: So Mr. Marinkovic, what do you do about Civil Rule 17(d) that says a public officer sued in official capacity may be designated by official title rather than by name. So you never had an obligation to list anyone's name. You could have always sued them in their official capacity by title. What do you do with that one?
>
> Plaintiff: Well, I have to look at that, Your Honor, now that you have raised it. I would have to do the research on it because I –
>
> The Court: I didn't raise it. [Defense Counsel] did at page 9 of her brief at ECF No. 83.
>
> Plaintiff: Ok.

(Transcript, 4/24/17 Hearing, at 9). In light of this exchange, Plaintiff's claim that this issue was a "surprise" is patently frivolous.

Finally, Plaintiff contends that this Court violated its own pretrial Order when it characterized his Motion to Amend as untimely. On February 3, 2017, the Court entered an Initial Case Management Order specifying that the deadline to amend pleadings and add parties was April 1, 2017. (ECF No. 64). Plaintiff filed his Motion to Amend on March 27, 2017. Consequently, Plaintiff contends that this Court "reneged after plaintiff relied on the court's order." (ECF No. 97-1 at 7). Plaintiff is mistaken. The deadline provided in the Court's Case

5

Management Order is not a guarantee that any proposed amendment filed within that timeframe will automatically be permitted. Rather, the proposed amendment must still meet the requirements of Rule 15 of the Federal Rules of Civil Procedure. As explained in the Court's April 26, 2017 Memorandum Order, Plaintiff's proposed amendment did not meet these requirements. Plaintiff's request for reconsideration on this basis will be denied.

### B. Motion to Sever

Plaintiff's Motion to Sever again challenges this Court's Orders dismissing the County from this action and denying Plaintiff's request to add Englert as an additional defendant. Plaintiff asks the Court to certify those rulings to permit Plaintiff an opportunity for immediate appeal under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b). Plaintiff contends that the Court's dismissal of the County as a defendant "narrowed the scope of the available injunctive relief so as to effectively prevent the plaintiff[] from obtaining the full relief [he] requested." Plantamura v. Cipolla, 617 F.2d 344, 345 (3d Cir. 1980). Part of the relief sought by Plaintiff in his Amended Complaint was an injunction compelling Armstrong County to transfer the properties at issue to Plaintiff. Without a County defendant in this action, Plaintiff contends that this relief is no longer available to him. (ECF No. 98-1 at 2).

Rule 54(b) provides that, when an action presents more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This rule is designed "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006). Courts consider the following factors in evaluating a request for certification pursuant to Rule 54(b): "the

6

relationship of the adjudicated and unadjudicated claims, the possibility that the need for review might be mooted by ongoing litigation in the district court, the possibility that the Court of Appeals might be obligated to consider the same or closely related issues a second time, the presence of any claim or counterclaim which could result in a set-off against the judgment, and miscellaneous factors such as delay, judicial economy solvency, and time for trial." Larry Pitt & Associates v. Lundy Law, LLP, 2015 WL 12806506, at *1 (E.D. Pa. 2015) (citing Waldorf v. Shuta, 143 F.3d 601, 609 (3d Cir. 1998) (internal citations omitted)).

28 U.S.C. § 1292(b) likewise states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Id. Under both rules, the trial court's decision to permit the appeal of non-final orders of court is entirely discretionary. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (observing that Rule 54(b) relies on "the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal."); Bachowsky v. Usery, 545 F.2d 363, 368 (3d Cir. 1976) (noting that certification pursuant to 28 U.S.C. § 1292(b) "is wholly within the discretion of the courts").

Because piecemeal litigation is generally disfavored, certification under Rule 54(b) should only be granted in unusual cases where failing to allow an immediate appeal would create some hardship or injustice, or where allowing the appeal would increase judicial efficiency. Although Plaintiff argues that the dismissal of the County as a defendant has denied him the opportunity to obtain the injunctive relief that he requests, he does not explain how an immediate appeal of this ruling would increase judicial efficiency or avoid some sort of hardship or

7

injustice.[1] This case is several years old, discovery is nearing completion, and the dismissal of the County as a defendant occurred almost 12 months ago. Placing this litigation on hold during the pendency of an appeal would seem to be an exercise that would decrease (rather than enhance) judicial efficiency. Moreover, it would force the Court of Appeals to address relatively similar issues twice. In the absence of any compelling arguments to the contrary, the Court finds that a piecemeal approach would not enhance judicial efficiency or avoid any undue hardship.

Section 1292(b) does not warrant a different result. It is axiomatic that certification pursuant to Section 1292(b) should only be used "sparingly and in exceptional circumstances." Burella v. City of Phila., 2010 WL 235110, at *4 (E.D. Pa. 2014). Courts are admonished not to "certify questions of relatively clear law merely because the losing party disagrees with the court's analysis." In re Chocolate Confectionary Antitrust Litig., 607 F.Supp.2d 701, 706 (M.D. Pa. 2009). This is precisely the case here. In dismissing the County from this action and rejecting Plaintiff's proposed amendment, the Court relied upon well-established legal principles as to which there is no substantial basis for a difference of opinion. See 28 U.S.C. § 1292(b). Simply put, neither decision was the type of "close call" that might justify invocation of Section 1292(b). Plaintiff's request for certification for immediate appeal will be denied.

### C. Motion for Recusal

In his Motion for Recusal, Plaintiff contends that recusal is warranted based on much of the same conduct that formed the underlying basis for his reconsideration motion, to wit: (1) the Court "reneging" on its own pretrial order; (2) raising a "surprise" issue at an oral hearing; (3) crediting Defendants' legal authority and rejecting that offered by Plaintiff; and (4) failing to

---

[1] The bulk of Plaintiff's Motion to Sever is essentially devoted to rearguing his disagreements with the Court's prior rulings. (See Docket No. 98-1 at 3-6). To the extent that Plaintiff attempts to address the pertinent factors in favor of appealability, he primarily relies on caselaw interpreting 28 U.S.C. § 1292(a)(1), rather than Section 1292(b) or Rule 54(b). See, e.g., Plantamura, 617 F.2d at 345 ("Inasmuch as Plantamura did not seek certification of the district court's judgment under Fed. R. Civ. P. 54(b), the question we must address is whether there is appellate jurisdiction under 28 U.S.C. s. 1292(a)(1).").

8

provide legal authority to support its rulings. Plaintiff also raises several objections to the Court's handling of Defendants' Motion for Sanctions, despite that the Court has yet to rule on that motion. Finally, Plaintiff complains that the Court failed to mail him a copy of an Order of dismissal in another action, forcing him to rely on ECF to obtain the order.

It is well-established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. The test for recusal "is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003) (citing 28 U.S.C. § 455(a)).

In the instant case, Plaintiff's arguments in support of recusal amount to little more than a disagreement over this Court's legal rulings. "Disqualification is not an appropriate remedy for disagreement over a legal ruling." In re TMI Litigation, 193 F.3d 613, 728-29 (3d Cir. 1999) (quoting source omitted). To the extent that the Court ruled in error, those rulings are subject to review on appeal. Id. at 729; Liteky, 510 U.S. at 555 (noting that legal rulings "are proper grounds for appeal, not for recusal"). Plaintiff's motion for recusal will be denied.

### D. Motion in Limine

In his Motion in Limine, Plaintiff accuses the Defendants of stalling during discovery and threatens "to show proof of deliberate destruction of what they refuse to produce." (ECF No. 100-1 at 1). To this end, Plaintiff seeks a ruling as to the admissibility of tape-recorded telephone conversations that he apparently had with Armstrong County staff.

9

Pursuant to Local Rule 16.1(B)(3), dates for filing of Motions in Limine are established by the Court's Final Scheduling Order. As no such order has been entered in this action, Plaintiff's Motion is premature. See, e.g., Schmidt v. Mercy Hosp. of Pittsburgh, 2008 WL 2845079, at *1 (W.D. Pa. 2008) (dismissing Motion in Limine as premature because the court had not set a final schedule for expert disclosures and discovery). Plaintiff's Motion in Limine will be denied without prejudice to renewal at the appropriate time.

### E. Motion to Modify for Findings

On May 23, 2017, Plaintiff filed a document styled a "Notice of and Motion for Chambers Rules and for Transcript of of [sic] the April Hearing and for Leave to Respond to Defendants." (ECF No. 96). In that motion, Plaintiff requested a free transcript of the April 24, 2017 hearing and complained to the Court that he could not open the Court's Chambers Rules on the Court's website. The Court denied the request for a transcript by Order dated June 15, 2017. (ECF No. 103). In his Motion to Modify for Findings (ECF No. 104), Plaintiff appears to demand a response from the Court as to his complaints about his inability to access the Court's website.

The Chamber Procedures of this Court are located at the following link: http://www.pawd.uscourts.gov/content/mark-r-hornak-district-judge. As of the date of this Order, each of the links on the website is working correctly. It is not the responsibility of the Court to ensure that Plaintiff's computer system and browser are working correctly. Plaintiff's Motion to Modify will, accordingly, be denied.

### F. Motion to File Discovery Requests with Court

Finally, Plaintiff contends that Defendants have been attempting to avoid or ignore his discovery requests by refusing to acknowledge receipt of discovery and by providing him with

10

inaccurate email addresses and contact information. (ECF No. 108). Plaintiff seeks leave to file all of his discovery requests with the Court so that Defendants cannot deny receipt. Defendants counter that they have never denied receipt of his discovery requests, but have simply objected to Plaintiff's failure to comply with the rules governing service of such requests.

Federal Rule of Civil Procedure 5(d)(1) provides that "discovery requests and responses" including "depositions, interrogatories, requests for documents . . . and requests for admission" should "not be filed" with the Court until "they are used in the proceeding or the court orders filing." Plaintiff has failed to supply any valid reasons for the Court to deviate from this well-established rule.

A review of several emails submitted by the parties suggests that Plaintiff has been attempting to serve discovery requests by emailing defense counsel's administrative assistant, rather than defense counsel herself. (ECF No. 109-2; ECF No. 109-3). Although Plaintiff contends that he does not know defense counsel's email address, this contention is belied by the existence of several emails in the record sent directly from defense counsel to Plaintiff from her correct email address. The Court also notes that defense counsel's email address is correctly listed on the public docket sheet for this case.

Plaintiff also objects to the failure of a non-party, Jeanne Englert, to respond to his "Request for Deposition by Written Questions." Although mistitled, Plaintiff's request is more accurately characterized as a request for interrogatories and admissions. The Federal Rules of Civil Procedure only permit requests for interrogatories and admissions to be served on parties. See Fed. R. Civ. P. 33, 36. To the extent that Plaintiff is attempting to follow the procedure set forth in Federal Rule of Civil Procedure 31 for allowing depositions to be taken by written question, Plaintiff has not demonstrated that he has complied with any of the Rule 31 procedures

governing such a deposition. See Rule 31(a)(3) (a party seeking to depose an individual by written questions must serve them on every other party and designate the officer before whom the deposition will be taken); Rule 31(b) ("The party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice").

In short, there is no compelling reason for the Court to become involved in monitoring discovery requests to the unusual extent suggested in Plaintiff's motion. The Court also observes that the issues presented by Plaintiff are the type that can ordinarily be resolved through good faith communication with opposing counsel and familiarity with the Federal Rules of Civil Procedure. Should those efforts fail, either party may present the Court with a properly supported motion to compel, if warranted. Plaintiff's Motion for Leave to File Discovery Requests with Court will be denied.

### G. Defendants' Motion for Sanctions

Finally, Defendants have filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11. (ECF No. 66). Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In doing so, the

> attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

12

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

To satisfy the affirmative duty imposed by Rule 11, an attorney or party must make a reasonable inquiry into both the facts and the law before filing papers with the court. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 545 (1991); Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1091 (3d Cir. 1988). "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances, with reasonableness defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citation omitted). This objective standard applies both to attorneys and to *pro se* litigants, although "what is objectively reasonable for a *pro se* litigant and for an attorney may not be the same." Bus. Guides, Inc. v. Chromatic Commc'ns Enters. Inc., 892 F.2d 802, 811 (9th Cir. 1989), *aff'd*, 498 U.S. 533 (1991); see also Fed. R. Civ. P. 11 advisory committee note (1983) ("Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations.").

Defendants contend that Plaintiff violated Rule 11 because he had no factual basis to support his Complaint at the time that he filed it. They characterize this litigation as a frivolous and unfounded fishing expedition by a notoriously vexatious *pro se* filer and note that Plaintiff has repeatedly responded to discovery requests by: (1) refusing to provide information about the source of his claims; (2) stating that he could not support his claims until he received discovery

responses from the Defendants; and (3) suggesting that he had evidence in storage somewhere but could not access it. For example, Defendants asked Plaintiff by way of an Interrogatory and Request for Documents to identify: each property that formed the subject of the alleged bid cancellations; how he learned of the cancellations; whether he has any documents relating to those cancellations; and the role of each of the Defendants in the cancellation of those bids. (Docket No. 66 at ¶ 7). Plaintiff responded that he was "unable to answer" any of those inquiries because all of the evidence to support his claims was in the possession of the County and that he hoped to obtain those documents through the discovery process. (Id.). Defendants contend that this basic information is precisely the sort that Plaintiff needed to have in his possession at the time that he filed his Complaint in order to comply with Rule 11.

After hearing oral argument on the motion, the Court directed Plaintiff to serve Defendants' counsel with any supplement that he wished to provide to his prior discovery responses and answers. (ECF No. 94). In response, Plaintiff, by email, explained that he learned about the cancelled bids from telephone conversations with Armstrong County tax claim staff and the Armstrong County tax claim director. (ECF No. 95-1 at ¶ 6). Plaintiff also offered the address of at least one of the properties in question. (Id. at ¶ 5). With respect to many of Defendants' interrogatory questions, Plaintiff continued to aver that he could not provide a response until "the county submits the documents plaintiff previously requested, and which the county has refused to answer." (Id.).

Although Plaintiff's discovery responses suggest the possibility of a Rule 11 violation in that it is axiomatic that a plaintiff may not file a civil action in federal court based only on the hope that information that would support such a lawsuit will somehow turn up, it is not yet clear whether Plaintiff's claims are completely meritless or frivolous or whether he conducted an

appropriate investigation prior to initiating this action and had a good faith basis grounded in law and fact for the claims that he asserts. It remains possible that legitimate discovery responses to discovery requests properly within the scope of permissible discovery under Fed. R. Civ. P. 26 will uncover evidence to support Plaintiff's general averment that he learned of the constitutional violations asserted herein from tax county staff during telephone conversations. It is apparent that Plaintiff has a subjective belief that his Complaint was well-grounded in law and fact. It is less clear whether Plaintiff's belief would stand up to scrutiny under the applicable objective standard. See Ford Motor Co., 930 F.2d at 277 (noting that reasonableness in the context of Rule 11 is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact"). In the view of the Court, the more appropriate avenue for challenging the sufficiency of the evidence supporting Plaintiff's claims would be to first proceed to summary judgment and evaluate the record under the Rule 56 standard. If Plaintiff fails to support his pleadings with admissible evidence, and it appears that the Plaintiff never had a good faith basis grounded in law and fact for the claims that he asserts, then Defendants may renew their Motion for Sanctions at that time. Of course, if it turns out that any such Rule 11 Motion had merit, it will come at a later juncture in the case by which time the parties, and counsel for the defense, would have invested considerably greater resources into the litigation of this case. So, if for no other reason, the Defendants' Rule 11 Motion, which the Court is *not* saying was without a basis, should serve to allow the Plaintiff to pause to consider whether at the end of the day, he has and will have the facts and law necessary to demonstrate that no matter the outcome on the merits, he always has had a sufficiently meritorious claim so as to survive Rule 11 scrutiny.

For the foregoing reasons, Defendants' Motion for Sanctions will be denied without prejudice. Defendants may renew that motion, if warranted, after the summary judgment stage of this litigation has concluded.

/s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: August 25, 2017

cc: All Counsel of Record
Mel M. Marin
Box 92222
Rochester, NY 14692